M artin, J.
delivered the opinion of the court. The plaintiff states that the defendant is an auc-doneer, and certain persons, trading under the firm Df j Howe and co. for some time past sold 1 goods at public aution, under his name and sane- ° . * tion ; that, by various acts, the defendant made himself responsible for the sales and transactions of said J. Howe and co.—that the plaintiff delivered certain goods to J Howe and co. to be sold at auction, which were accordingly sold, and the proceeds received by them or the defendant, to the amount of $545, that the said J. Howe and co. have absconded, and the said sum is due to the plaintiff by the defendant. There was judgment for the latter, and the former appealed.
The case comes up before us on a bill of exceptions. The plaintiff offered Roderick M‘Leod, as a witness, to prove transactions of the defendant with J. Howe and co. and persons who had dealings with them, in order to establish the existence of a partnership between the defendant and J. Howe and co. He objected to M'Leod’s admission as a witness, because the *503 latter had instituted a suit by attachment against J. H ¡we and co. The district court sustained the objection, and the plaintiff took his bill of exceptions.
The defendant contends that the witness was property rejected ; our statute disabling all persons, directly or indirectly interested in the cause, from being heard. Civ. Code. 312, art. 248.
In the present case, the witness is nota creditor of either of the parties ; but it is alledged that, if the defendant be cast and the debt paid by him, the estate of J Id owe and co. w ill be discharged therefi om, and the witness will have a better chance of recovering what they owe him.
The absolute insolvency of J. Ilowe and co. does not appear from any evidence on the record. The circumstance of their absconding does not alone suffice to establish it. It might be owing to other causes. This being the case, it is useless to enquhe whi ther the interest alledged, if it existed, would occasion the incompetency of the witness.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, and that the cause be reminded w ith directions to the district judge, not to reject Roderick M‘Leod, as a wit *504 ness, if there be no other objection made to his admission, and it is ordered, adjudged and decreed, that the defendant and appellee pay the costs of this appeal.
Duncan for the plaintiff, Livingston for the defendant.